T.C. Memo. 2006-217


UNITED STATES TAX COURT


IRVING AND ELAINE STEINBERG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14135-05L.          Filed October 16, 2006.


<u>Gerald W. Kelly</u>, <u>Barry H. Cantor</u>, and <u>Cheryl R. Frank</u>, for petitioners.

<u>Derek W. Kaczmarek</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us under Rule 121 on respondent's motion for summary judgment.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time the petition was filed, petitioners resided in Las Vegas, Nevada.

For 1990, 1991, 1992, and 1993, petitioners filed with respondent their joint Federal income tax returns. For these years petitioners still owe respondent approximately $750,000 in cumulative total Federal income taxes, including accrued interest.

In November of 2003, petitioners sold their home and purchased for $589,000 a new home in an expensive neighborhood of Las Vegas, Nevada, paying $122,000 as a cash downpayment. None of the proceeds from the 2003 sale of petitioners' prior home was used by petitioners to make a payment on petitioners' outstanding Federal income taxes for 1990, 1991, 1992, and 1993.

On March 8, 2004, in an effort to collect petitioners' unpaid Federal income taxes, respondent mailed to petitioners a notice of intent to levy on petitioners' property.

On March 15, 2004, petitioners filed a request for a hearing with respondent's Appeals Office challenging respondent's proposed levy and seeking approval of an offer-in-compromise, in which petitioners offered to make a total payment of $77,000 with regard to their Federal income taxes for 1990 through 1993.

Beginning September 9, 2004, petitioners, petitioners' attorney, and respondent held a series of phone calls and written correspondence relating to petitioners' Appeals Office hearing. Some financial information was submitted by petitioners, and respondent's Appeals officer reviewed that material and asked petitioners for additional information.

Petitioners submitted some additional financial information to respondent's Appeals Office, but certain financial information that had been requested by respondent's Appeals officer was not provided by petitioners. For example, petitioners never submitted documents requested by respondent's Appeals officer that would have established the fact of payment of petitioners' medical and drug expenses.

Based on the financial information petitioners submitted, respondent's Appeals officer determined that petitioners had significantly more discretionary monthly income, equity in assets, and realizable collection potential (RCP) than petitioners would acknowledge. The figures petitioners and respondent's Appeals officer respectively calculated are set forth below:

|  | Petitioners | Respondent |
|---|---|---|
| Discretionary Monthly Income | $      0 | $  2,937 |
| Equity in Assets | 82,853 | 319,535 |
| RCP | 127,087 | 460,511 |

The disagreement between petitioners and respondent's Appeals officer focused on whether certain alleged life insurance and medical and drug expenses should be treated as discretionary or as nondiscretionary expenses and on whether petitioners had adequately established that they actually were incurring and paying the expenses being claimed. During the Appeals Office hearing, petitioners did not submit the documentation necessary to substantiate their payment of the disputed expenses.

The chart below sets forth the respective amounts petitioners claim and respondent would allow for life insurance and medical and drug expenses:

| Type of Expenses | Petitioners | Respondent |
|------------------|-------------|------------|
| Life Insurance   | $2,311      | $ 500      |
| Medical and Drug | 1,553       | 1,200      |

Petitioners' alleged life insurance expenses are based on whole life insurance policies on the life of each petitioner. Respondent's offer-in-compromise guidelines allow taxpayers' expenses only for term life insurance coverage. See 2 Administration, Internal Revenue Manual (CCH), sec. 5.15.1.10, at 17,662 (May 1, 2004).

Under section 6330, where a taxpayer's underlying tax liability is not in dispute, our standard of review over respondent's Appeals Office's determination on a taxpayer's

appeal of a notice of levy is whether respondent's Appeals Office abused its discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001). We are asked to affirm, as a matter of summary judgment, respondent's Appeals Office's determination to reject petitioners' offer-in-compromise and to sustain respondent's notice of levy.

We may grant summary judgment where there remains no material fact issue and where a party is entitled to judgment as a matter of law. Rule 122(a); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

The administrative file herein establishes that respondent's Appeals officer reviewed petitioners' financial data that was properly and timely submitted during the Appeals Office's consideration of petitioners' appeal, that petitioners failed to submit to respondent's Appeals Office requested information on time, and that petitioners spent over $100,000 in cash as a downpayment to purchase an expensive new home at a time when they had substantial Federal income taxes due.

Based on these facts, we conclude as a matter of law that respondent's Appeals Office did not abuse its discretion in issuing the notice of determination rejecting petitioners' offer-in-compromise and sustaining respondent's levy notice.

The question before us is not whether respondent's Appeals Office would have decided differently had it received additional information. Rather, the question before us is whether respondent's Appeals Office acted appropriately and within its proper discretion based on information it received during the Appeals Office consideration of petitioners' appeal. The record before us answers that question in the affirmative.

Petitioners now claim additional legal expenses, transportation expenses, and income averaging in order to establish that respondent's calculation during the Appeals Office hearing of petitioners' RCP was too high.

These items constitute new issues and will not be allowed. See Magana v. Commissioner, 118 T.C. 488, 493-494 (2002). Furthermore, as we stated in Murphy v. Commissioner, 125 T.C. 301, 315 (2005), when Appeals officers make reasonable requests for relevant documentation from taxpayers and taxpayers do not produce the documentation in a reasonable time, the Appeals officer commits no abuse of discretion in making a determination without regard to the missing information.

For the reasons stated, we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.